IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cheryl A. Barnes-Haigler<br>Leroy S. Haigler Jr.<br>　　　　　Debtor(s)<br><br>Nationstar Mortgage LLC<br>　　　　　Movant<br>　　vs.<br>Cheryl A. Barnes-Haigler<br>Leroy S. Haigler Jr.<br>　　　　　Debtor(s)<br><br>William C. Miller Esq.<br>　　　　　Trustee | CHAPTER 13<br><br><br>NO. 15-18977 AMC<br><br><br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,411.53,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2017 at $1,459.35 |
| Suspense Balance: | ($47.82) |
| **Total Post-Petition Arrears** | **$1,411.53** |

2. The Debtor(s) shall cure said arrearages in the following manner;

   a) Debtor(s) shall tender a payment of $1,411.53 by December 31, 2017 to the address below:

   Attn: Bankruptcy Dept.
   Nationstar Mortgage, LLC
   PO Box 619094
   Dallas, TX 75261-9741

   b) Maintenance of the current monthly mortgage payments, beginning on January 1, 2018, to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a

Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: December 16, 2017

By: /s/ Rebecca A. Solarz
Rebecca A. Solarz, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 12/19/17

Michael A. Cibik Esq.
Attorney for Debtor(s)

Date: 1-3-18

William C. Miller, Esq. JACK MILLER    No objection
Chapter 13 Trustee

Approved by the Court this 10th day of January, 2018, . However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan